HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YU HIN CHAN, | Case No. 2:25-cv-02083-RAJ |
| Plaintiff, | ORDER |
| v. | |
| KAREN MAY BACDAYAN, KEVIN C. MCCLANAHAN, CARMEN A. PACHECO, DAWN HILL-KEARSE, WAVNY TOUSSAINT, RE/MAX, | |
| Defendants. | |

**I.   INTRODUCTION**

THIS MATTER comes before the Court on *sua sponte* review of Plaintiff Yu Hin Chan's complaint, Dkt. # 4, pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court has reviewed the complaint and the balance of the record. For the reasons set forth below, the complaint is **DISMISSED**.

**II.   BACKGROUND**

Plaintiff is proceeding *pro se* and *in forma pauperis*. The complaint is a single page and contains only the following allegations:

1. The current owner of the apartment where Plaintiff resides is Re/Max, as the former owner claimed in his sworn affidavit,
2. All defendants conspired together and deprived Plaintiff of due process,
3. This Court has jurisdiction under the RICO Act.

Dkt. # 4. In addition, the complaint includes a prayer for relief for $1 billion against all defendants. *Id.*

### III.  LEGAL STANDARD

When a litigant is proceeding *in forma pauperis*, the Court may review the complaint and dismiss it if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Courts hold *pro se* plaintiffs to less stringent pleading standards and liberally construe a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When dismissing a complaint under § 1915(e), courts give *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### IV.  DISCUSSION

The complaint lacks any factually specific allegation regarding the events giving rise to Plaintiff's claim. For example, it does not explain how defendants deprived

ORDER - 2

Plaintiff of due process, how defendants "conspired" together, and what role each defendant played in the alleged conspiracy. The complaint also contains no factual allegations supporting the existence of a RICO claim. Accordingly, it fails to state a plausible claim for relief and must be dismissed.

Dismissal is with leave to amend to cure the deficiencies in the complaint. Any amended complaint should clearly explain the factual basis for a RICO claim and what role each defendant played in the alleged wrong. Failure to plead sufficient facts to state a claim for relief will result in final dismissal of this action under 28 U.S.C. § 1915(e)(2)(B).

## V. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the complaint, Dkt. # 4, **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND** within 21 days of the date of this order.

Dated this 4th day of December, 2025.

The Honorable Richard A. Jones
United States District Judge

ORDER - 3